**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CARL ENGLAND (#95266)**                                                          **CIVIL ACTION**

**VERSUS**

**ASS'T WARDEN TROY PORET, ET AL.**                                       **NO. 12-0007-JJB-DLD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 28, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CARL ENGLAND (#95266)**　　　　　　　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

**ASS'T WARDEN TROY PORET, ET AL.**　　　　　　　　　　　**NO. 12-0007-JJB-DLD**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Ass't Warden Troy Poret, Major Richardson and Classification Officer Fairchild, complaining that the defendants have violated his constitutional rights by allowing a co-inmate who is on his enemy list to live in the same Camp as the plaintiff. Specifically, he alleges that in November, 2010, he was denied the benefit of a "Special Board", purportedly because a co-inmate, who had recently been added to his enemy list, was housed in the same Camp. The plaintiff further alleges that his life is in danger because of the proximity of the co-inmate (whose identity the plaintiff does not know) and because the co-inmate may thereby obtain access to the plaintiff. Finally, the plaintiff asserts his belief that defendant Poret added the co-inmate to the plaintiff's enemy list in retaliation for a grievance which the plaintiff filed against defendant Poret in September, 2009.

Pursuant to 28 U.S.C. § 1915(e), this Court is authorized to dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e). See also, Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A claim has no arguable basis in law if it is based on an

indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." Davis v. Scott, 157 F.3d 1003 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless, a category encompassing allegations that are fanciful, fantastic and delusional. Neiztke v. Williams, supra, Denton v. Hernandez, supra. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1993. Id.; Ancar v. SARA Plasma, Inc., 964 F.2d 465 (5th Cir. 1992). A § 1915(e) dismissal may be made at any time, before or after service of process and before or after an answer is filed. Green v. McKaskle, supra.

The Court finds that the plaintiff's Complaint fails to state a claim of constitutional dimension. Initially, it appears that the plaintiff has named the defendants in both their individual and their official capacities. Notwithstanding, § 1983 does not provide a federal forum for a litigant who seeks monetary recovery against a state official acting in an official capacity inasmuch as such official is not seen to be a person under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Further, in Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in his official capacity for monetary damages is treated as a suit against the State and is therefore barred by the Eleventh Amendment. Id. The plaintiff's claim for monetary damages asserted against the defendants in the their individual capacities remains viable, however, as does the plaintiff's claim for injunctive relief asserted against the defendants in the defendants' official capacities because a state official, when sued for injunctive relief in his official capacity, is not a prohibited defendant because official capacity claims for prospective injunctive relief are not treated as claims against the State. Will v. Michigan Department of State Police, supra. See also 15 Am.Jur.2d Civil Rights § 101.

Turning to a consideration of the specific claims asserted by the plaintiff against the defendants, the Court first notes that the plaintiff has named as defendants herein Major Richardson and Classification Officer Fairchild but has failed to include any factual allegations relative to these defendants. Pursuant to well-settled legal principles, in order for a prison official to be found liable under § 1983, the official must have been personally involved in conduct causing the alleged deprivation of constitutional rights, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. Lozano v. Smith, 718 F.2d 756, at 768 (5th Cir. 1983). Any allegation that these defendants are responsible for the actions of their subordinates or co-employees is alone insufficient to state a claim under § 1983. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Further, in the absence of direct personal participation by a supervisory official in the alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law. Lozano v. Smith, supra.

Applying the foregoing standard, it appears that the plaintiff has failed to allege that defendants Fairchild and Richardson have had any direct or personal involvement in the events complained of. Other than in the Caption of the Complaint and in the Section thereof entitled "Parties", the plaintiff does not mention either of these defendants. Accordingly, in the absence of any factual allegations whatever relative to the personal responsibility or involvement of defendants, Fairchild and Richardson, it is clear that the plaintiff has failed to allege the requisite participation by them in the violations alleged. These defendants are therefore entitled to dismissal from this proceeding as a matter of law.

Further, in the alternative, to the extent that the plaintiff's Complaint may be interpreted as complaining regarding his housing classification, complaining regarding the failure of prison officials

to grant him the benefits associated with the referenced "Special Board", and/or seeking either a geographical transfer or a transfer to the general population of the prison, these claims do not amount to claims of constitutional dimension. The classification of prisoners is a matter left to the sound discretion of prison officials. <u>Wilkerson v. Maggio</u>, 703 F.2d 909 (5th Cir. 1983), and inmates have no right to a particular classification or housing assignment under state law. <u>Id.</u>; <u>McGruder v. Phelps</u>, 608 F.2d 1023 (5th Cir. 1979.) Prison officials are afforded broad administrative and discretionary authority over the institutions they manage, and lawfully incarcerated persons retain only a narrow range of protected liberty interests. <u>Hewitt v. Helms</u>, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). So long as the conditions and degree of confinement to which an inmate is subjected are within the parameters of the sentence imposed on the inmate and do not otherwise violate the Constitution, the Due Process Clause does not itself subject a prison official's treatment of an inmate to judicial oversight. <u>Id.</u> Where the decision to keep an inmate is reasonably related to legitimate security objectives and is not an exaggerated response to security considerations, there is no denial of due process. <u>McCord v. Maggio</u>, 910 F.2d 1248 (5th Cir. 1990).

It appears from the plaintiff's allegations that, at the time of filing of his Complaint, he was confined in the Raven Unit of Camp D at LSP, and he concedes that his purported enemy was housed in a separate Unit within that Camp, either in the Falcon or Eagle Unit thereof. Although the plaintiff expresses concern that his purported enemy will somehow gain access to his living area and cause the plaintiff harm (as a barber, food server, tier walker or trustee, for example), this stated concern is entirely speculative in nature, and the plaintiff has provided no facts to suggest that this concern has any legitimate rational basis. To the contrary, it is the Court's understanding that enemy lists are created and maintained by prison officials for the purpose of determining where inmates may safely be housed and to ensure that inmates are not placed in close proximity to co-inmates who might cause them harm. Further, it is the Court's understanding that prison officials routinely check enemy lists prior to allowing unrestrained inmates onto Units where potential enemies may be housed. Thus, in order for the plaintiff to be subjected to potential harm at the

hands of the purported co-inmate enemy in the instant case, there would need to be a substantial breakdown in prison security measures, and there is no reason to conclude that such a breakdown is likely or is reasonably to be anticipated. Accordingly, the plaintiff's allegations do not support a finding that prison officials have subjected him to an unreasonable risk of serious harm or have otherwise exhibited deliberate indifference to his health or safety. The plaintiff's claim relative to his housing assignment and classification level, therefore, has not been shown to be one of constitutional significance and is subject to dismissal for this reason.

Turning to the plaintiff's claim asserted against the remaining defendant, Troy Poret, the plaintiff asserts a belief that defendant Poret caused the referenced co-inmate enemy to be added to the plaintiff's enemy list as an act of retaliation in response to an administrative grievance which the plaintiff filed against defendant Poret in September, 2009. This conclusory factual allegation, however, is insufficient to state a claim of constitutional dimension. In this regard, the law is clear that the taking of action against an inmate because of the inmate's exercise of his constitutional rights is itself a violation of the inmate's constitutional rights. Ruiz v. Estelle, 679 F.2d 1115 (5th Cir.), opinion amended in part and vacated in part, 688 F.2d 266 (1982), cert. denied, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983); Gibbs v. King, 779 F.2d 1040 (5th Cir.), cert. denied, 476 U.S. 1117, 106 S.Ct. 1975, 90 L.Ed.2d 659 (1986). Specifically, prison officials are not allowed to retaliate against an inmate because of the inmate's exercise of his First Amendment right to complain to supervisory officials about the alleged wrongful conduct of prison employees. Id. However, inasmuch as claims of retaliation are not favored, it is the plaintiff's burden to provide more than mere conclusory allegations of retaliation:

> To state a claim of retaliation an inmate must ... be prepared to establish that but for the retaliatory motive the complained of incident ... would not have occurred. This places a significant burden on the inmate.... The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred.

Woods v. Smith, 60 F.3d. 1161, 1166 (5th Cir. 1995), cert. denied, 516 U.S. 1084, 116 S.Ct. 800, 133 L.Ed.2d 747 (1996). Further, in order to sustain a showing of a constitutional violation, the plaintiff must allege more than a de minimis or inconsequential "retaliatory adverse act", i.e., an

adverse act that "is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." Morris v. Powell, 449 F.3d 682 (5th Cir.), cert. denied, 549 U.S. 1038, 127 S.Ct. 596, 166 L.Ed.2d 443 (2006).

Applying this standard in the instant case, the Court finds that the plaintiff has failed to sufficiently allege a claim of retaliation against defendant Poret. Specifically, the plaintiff provides no more than a conclusory assertion that he believes that defendant Poret added the co-inmate's name to the plaintiff's enemy list as an act of retaliation, and he provides no chronology of events from which a retaliatory motive may plausibly be inferred. To the contrary, the mere fact that the plaintiff may have filed an administrative grievance naming defendant Poret in September, 2009, does not lead to any reasonable inference that events occurring in November, 2010, more than a year later, were the result of a retaliatory response thereto. Further, and in the alternative, it is far from clear that the mere addition of a co-inmate's name to the plaintiff's enemy list constitutes anything more than a de minimis or inconsequential "retaliatory adverse act" by defendant Poret. Accordingly, the Court finds that the plaintiff has failed to state a claim of retaliation relative to this defendant.

Finally, and in addition to the foregoing, the law is clear that an inmate plaintiff may not recover monetary damages for alleged mental or emotional injuries he has sustained in the absence of a showing of some physical injury. 42 U.S.C. § 1997e(e). The plaintiff in this case has failed to allege that he has sustained any physical injury whatever as a result of the defendants' actions. He has also failed to allege that he has in fact been placed in close proximity to a dangerous co-inmate or has otherwise been subjected to an unreasonable risk of serious harm to his life or safety. In the absence of any such allegation, it appears that the claims asserted in this proceeding are frivolous as a matter of law and that this action should be dismissed.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiff's action be dismissed as

legally frivolous pursuant to 28 U.S.C. § 1915, and that this action be dismissed.[1]

Signed in Baton Rouge, Louisiana, on September 28, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[1] Note that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."